# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MARILYN MARGULIS, | ) |
| | ) |
| Plaintiff, | ) Case No. |
| | ) |
| v. | ) |
| | ) |
| INTERMARKETING MEDIA LLC d/b/a | ) |
| THE RESORT ADVISORY GROUP, et al. | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants Intermarketing Media LLC d/b/a The Resort Advisory Group, John Paul Talarowski, and Jordan Christopher Groll (collectively "Defendants"), by and through undersigned counsel, hereby remove the above-styled action, pending as Case No. 22SL-CC05228, from the Circuit Court of St. Louis County, Missouri, Twenty-First Judicial Circuit, to the United States District Court for the Eastern District of Missouri, Eastern Division, pursuant to 28 U.S.C. §§ 1331, 1332 and 1441. In support of removal, Defendants state as follows:

### INTRODUCTION

1. On or about December 13, 2022, Plaintiff Marilyn Margulis ("Plaintiff") filed a Petition (the "Petition") against Defendants in the Circuit Court of St. Louis County, Missouri, Twenty-First Judicial Circuit, styled *Marilyn Margulis v. Intermarketing Media LLC d/b/a The Resort Advisory Group, et al.,* Case No. 22SL-CC05228 (the "State Court Action").

2. Pursuant to 28 U.S.C. § 1446(a) and E.D. Mo. L. R. 2.03, Defendants attach hereto as <u>Exhibit A</u> the complete file from the State Court Action, including the state court docket sheet, summons, return of summons, and all process, pleadings, motions, orders and other documents which, as of the date this Notice of Removal is filed, are on file in the State Court Action.

3. The Petition in the State Court Action purports to assert a claim against Defendants under the Telephone Consumer Protection Act of 1991, as amended (47 U.S.C. § 227, *et seq*.), and the regulations promulgated pursuant thereto (referred to collectively in the Petition as the "TCPA"). (*See* Ex. A, Pet. at Count I.)

4. Plaintiff is a citizen of Missouri and resident of St. Louis County. Defendant Intermarketing Media LLC d/b/a The Resort Advisory Group is a citizen of New Jersey. Individual Defendants John Paul Talarowski and Jordan Christopher Groll are both citizens of California. Plaintiff seeks in excess of $105,000 in damages from Defendants based on purported claims arising out of Defendants' alleged calls to Plaintiff's telephone number. (*See* Ex. A, Pet. at Count I and Wherefore Clause.)

5. The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiff has purported to bring a claim under 47 U.S.C. § 227, establishing federal question jurisdiction, and additionally pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between Plaintiff and Defendants—Plaintiff is a citizen of Missouri, and Defendants are citizens of New Jersey or California—and the amount in controversy—alleged to be more than $105,000—exceeds the $75,000 threshold for diversity jurisdiction.

**BACKGROUND**

6. Plaintiff's claims are all based on fifteen calls that were allegedly placed by Defendants or their agents to Plaintiff's phone number of (636) 536-6446 between October 25, 2021 and September 6, 2022. (Ex. A, Pet., ¶ 57 & Ex. A.)

7. Plaintiff alleges that her phone number was on the Federal and Missouri do-not-call list at all relevant times and that Defendants' purported calls to her number violated the TCPA

as well as the Missouri No-Call Law and the Missouri Telemarketing Law. (Ex. A, Pet., ¶¶ 3–4, 33–88.) Plaintiff has further purported to allege a claim for civil conspiracy and injunctive relief. (*Id.* ¶¶ 89–96.)

8. The Petition here seeks at least $105,000, which consists of statutory damages for the calls allegedly made. (*See id.* at Wherefore Clause.)

## REMOVAL IS PROPER

9. A defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction[.]" *See* 28 U.S.C. § 1441(a).

10. A notice of removal need only provide "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The rule governing the content of a notice of removal, 28 U.S.C. § 1446, "tracks the general pleading requirement stated in [Fed. R. Civ. P.] 8(a)." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014). Accordingly, allegations supporting jurisdiction may be pleaded, and submission of proof is only necessary if the allegations in the notice of removal are contested. *Id.* at 87–88; *see also Pudlowski v. The St. Louis Rams, LLC*, 829 F.3d 963, 964–65 (8th Cir. 2016) (per curiam).

I. **This Court has Subject-Matter Jurisdiction over the State Court Action Pursuant to 28 U.S.C. §§ 1331 and 1441 because There is a Federal Question.**

11. Under 28 U.S.C. § 1331, federal courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

12. Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."

13. This Court has original, federal-question jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1331 because the action arises under federal law – namely, the TCPA.

14. Federal-question jurisdiction exists over an action when the plaintiff's well-pleaded complaint contains a claim arising under federal law. *See* 28 U.S.C. § 1331; *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

15. Here, the Petition in the State Court Action asserts a claim against Defendants under 47 U.S.C. § 227 based on Defendants' alleged telephone calls to her residential number, which the Plaintiff alleges violated the TCPA. (*See* Ex. A, Pet., at ¶¶ 33–88.)

16. In *Mims v. Arrow Financial Services, L.L.C.*, 565 U.S. 368, 385–86 (2012), the Supreme Court of the United States held that claims asserted under the TCPA arise under federal law such that subject-matter jurisdiction exists under 28 U.S.C. § 1331. *See id.* at 753 (holding the Eleventh Circuit erred in dismissing TCPA claims for lack of subject-matter jurisdiction: "Nothing in the text, structure, purpose, or legislative history of the TCPA calls for displacement of the federal-question jurisdiction U.S. district courts ordinarily have under 28 U.S.C. § 1331.").

17. Accordingly, the State Court Action arises under federal law and is removable pursuant to 28 U.S.C. §§ 1331 and 1441. *See e.g.*, *Ruby v. Build-A-Bear Workshop, Inc.*, No. 4:21-CV-01152 JAR, 2022 WL 2867076, at *2 (E.D. Mo. July 21, 2022) (denying motion to remand and finding federal question jurisdiction in TCPA action); *Heller v. HRB Tax Grp., Inc.*, No. 4:11CV1121 TIA, 2012 WL 163843, at *2 (E.D. Mo. Jan. 19, 2012) (citing *Mims*) (denying motion to remand and concluding that federal-question jurisdiction exists over action asserting claims for violation of TCPA); *Edmonds v. DirectTV, LLC*, No. 1:16-cv-1291-STA-egb, 2017 WL 1435760, at *1 (W.D. Tenn. Apr. 21, 2017) (same); *Speidel v. American Honda Finance Corp.*, No. 2:14-cv-19-FTM-38CM, 2014 WL 820703, at *1-2 (M.D. Fla. Mar. 3, 2014) (same).

**II.      Additionally, this Court has Subject-Matter Jurisdiction over the State Court Action Pursuant to 28 U.S.C. §§ 1332 and 1441 because There is Complete Diversity of Citizenship Among Plaintiff and Defendants, and the Amount in Controversy Exceeds $75,000, Exclusive of Interest and Costs.**

18.     Under 28 U.S.C. § 1332(a)(1), a United States district court has original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Courts interpret this statute to require complete diversity between all plaintiffs and all defendants—meaning no plaintiff and defendant can be citizens of the same state. *See Fountain Plaza Fin., LLC v. Centrue Bank*, No. 4:14CV01388, 2014 WL 5420793, at *2 (E.D. Mo. Oct. 22, 2014). These requirements are satisfied here.

**A.     There is complete diversity of citizenship between Plaintiff and Defendants because Plaintiff is a citizen of Missouri and Defendants are citizens of New Jersey or California.**

19.     Plaintiff is an individual who has alleged that she is a citizen of Missouri. (Ex. A, Pet. ¶ 1.)

20.     The citizenship of a limited liability company "is that of its members for diversity jurisdiction purposes." *See GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). As such, Defendant Intermarketing Media LLC d/b/a The Resort Advisory Group is a citizen of New Jersey because its sole member is Spectrum Holdings Irrevocable Trust, whose trustee is a citizen of New Jersey. *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018) ("[T]he citizenship of a traditional trust must be determined by the citizenship of its trustee alone.").

21.     Individual Defendants John Paul Talarowski and Jordan Christopher Groll are both citizens of California. (Ex. A, Pet. ¶¶ 11, 21.)

22. Based on the foregoing, complete diversity of citizenship exists between Plaintiff and Defendants.

### B. The amount-in-controversy requirement is satisfied because Plaintiff seeks in excess of $105,000 in damages from Defendants, exclusive of any interest and costs.

23. For purposes of diversity jurisdiction, the matter in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

24. This requirement is satisfied as Plaintiff's Petition seeks in excess of $105,000 in damages from Defendants based on purported claims arising out of Defendants' alleged calls to Plaintiff's telephone number. (*See* Ex. A, Pet. at Count I and Wherefore Clause.) *See Turntine v. Peterson*, 959 F.3d 873, 880 (8th Cir. 2020) ("we conclude that the pleaded actual damages are sufficient to satisfy the amount-in-controversy requirement."); 28 U.S.C. § 1446(c)(2) ("[T]he sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy").

25. Based on the foregoing, the amount-in-controversy requirement is satisfied here, and the State Court Action is removable pursuant to 28 U.S.C. §§ 1332, 1441.

### C. If necessary, the Court may exercise supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367.

26. Based on the same fifteen phone calls, the Petition purports to allege claims under the Missouri No-Call Law and the Missouri Telemarketing Law, as well as for civil conspiracy and injunctive relief. (Ex. A, Pet., ¶¶ 33–96.) The operative facts for all of Plaintiff's claims are exactly the same and thus form part of the same case or controversy as Plaintiff's TCPA claim. (*See id.*) 28 U.S.C. § 1367(a) (with certain exceptions, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

**II.     Defendants Have Satisfied the Procedural Requirements for Removal under 28 U.S.C. § 1446 and the Local Rules of this Court.**

27.     Pursuant to 28 U.S.C. § 1446(a) and E.D. Mo. L. R. 2.03, Defendants attach hereto as <u>Exhibit A</u> the complete file from the State Court Action, including the state court docket sheet, summons, return of summons, and all process, pleadings, orders and other documents which, as of the date this Notice of Removal is filed, are on file in the State Court Action.

28.     Venue is proper in this Court because the State Court Action was filed in the Missouri Circuit Court for the Twenty-First Judicial Circuit, St. Louis County, and the United States District Court for the Eastern District of Missouri, Eastern Division is the "district court of the United States for the district and division within which [the State Court Action] is pending." *See* 28 U.S.C. § 1446(a); E.D. Mo. L.R. 2.07(A)(1).

29.     Removal is timely pursuant to 28 U.S.C. § 1446(b) because this Notice of Removal is filed within thirty days from January 2, 2023, the date on which Defendants served with process. (*See* <u>Ex. A</u> at p. 30, 32, 34.); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 353–54 (1999) (thirty-day removal period does not begin to run until a defendant is formally served with summons and the complaint).[1]

30.     Pursuant to 28 U.S.C. § 1446(d) and E.D. Mo. L.R. 2.03, after filing the instant Notice of Removal in this Court, Defendants will promptly provide written notice of removal to Plaintiff's counsel, and file with this Court the Notice to Plaintiff.

---

[1] *See also Villareal v. B&C Contracting Specialist Inc.*, No. 4:19-CV-2851, 2020 WL 2088341, at *1 (E.D. Mo. Apr. 30, 2020) ("The thirty-day window is triggered when the defendant is officially served, and state law determines when a defendant is properly served."); *Young v. Flagstar Bank, F.S.B.*, No. 2:14-CV-04097, 2014 WL 3809201, at *1 (W.D. Mo. Aug. 1, 2014) ("Having removed the case from state court within 30 days of service, Flagstar complied with the time limit established in § 1446(b).").

31. Pursuant to 28 U.S.C. § 1446(d) and E.D. Mo. L.R. 2.03, after filing the instant Notice of Removal in this Court, Defendants will file a copy of this Notice of Removal with the Clerk of the State Court, and then file in this Court the Notice of Filing Notice of Removal to State Court.

32. In filing this Notice of Removal, Defendants do not waive any defects in the process or service of process in this matter, nor do they waive any other defenses or objections, jurisdictional or otherwise, to the Petition or counts asserted therein. Nothing in this Notice of Removal constitutes an admission of any allegation in the Petition or a waiver of any defense, argument, or principle of equity available to Defendants.

WHEREFORE, Defendants respectfully removes the State Court Action from the Missouri Circuit Court for the Twenty-First Judicial Circuit, St. Louis County, to this Court, and requests that this Court exercise its subject-matter jurisdiction over this matter and grant such other and further relief to Defendants as the Court deems just and proper.

Respectfully submitted,

**LEWIS RICE LLC**

By: /s/ Sarah A. Milunski
Sarah A. Milunski, #65112
600 Washington Avenue, Suite 2500
St. Louis, MO 63101
Telephone No. (314) 444-7822
Facsimile No. (314) 612-7822
smilunski@lewisrice.com

*Attorney for Defendants Intermarketing Media LLC d/b/a The Resort Advisory Group, John Paul Talarowski, and Jordan Christopher Groll*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 1st day of February, 2023, a true copy hereof was served via e-mail and U.S. mail, first-class postage prepaid, on the following counsel of record for Plaintiff:

Max G. Margulis
Margulis Law Group
28 Old Belle Monte Rd.
Chesterfield, MO 63017
maxmargulis@margulislaw.com


      /s/ Sarah A. Milunski