UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARILYN MARGULIS, | ) |
|     Plaintiff, | ) ) ) ) |
| vs. | ) Case No. 4:23-cv-00121 SEP ) |
| INTERNATIONAL MEDIA LLC, d/b/a THE RESORT ADVISORY GROUP, et al., | ) ) ) ) |
|     Defendants. | ) |

## MEMORANDUM AND ORDER

    Before the Court is attorney Sarah A. Milunski and the law firm of Lewis Rice LLC's Motion to Withdraw as Attorney and for Additional Time to Answer, in which they seek to withdraw as counsel for Defendants Intermarketing Media LLC, d/b/a The Resort Advisory Group, John Paul Talarowski, and Jordan Christopher Groll.  Doc. [12].  Plaintiff Marilyn Margulis consents to the motion.  For the reasons set forth below, counsel's request to withdraw is held in abeyance and the request for extension of time to answer is granted.

    The motion asserts that good cause exists for Lewis Rice's request to withdraw pursuant to Mo. Sup. Ct. R. 4-1.16(b), that Defendants have been notified of counsel's intent to file the instant motion, and that movants also request that the Court allow Defendants an additional four weeks, up to and including May 12, 2023, to answer or otherwise respond to Plaintiff's complaint, in order to provide them time to seek new counsel. *Id*. at 1-2.

    Absent exceptional circumstances, this Court does not permit withdrawal of counsel until substitute counsel enters an appearance.  That maxim applies with special force in cases where the client is a corporation or similar artificial entity, as an artificial entity can only act through agents, cannot appear pro se, and must be represented by counsel.  *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that rule applies equally to all artificial entities.") (citing *Osborn v. President of Bank of United States,* 9 Wheat. 738, 829 (1824)).  An artificial entity,

such as Defendant Intermarketing Media LLC, is subject to entry of a default judgment if it fails to obtain counsel as required by the Court.  *See United Fire & Cas. Co. v. Titan Contractors Serv., Inc.*, 2014 WL 3805493, at *1 (E.D. Mo. Aug. 1, 2014);  *Top Sales, Inc. v. Designer Vans, Inc.*, No. CIV.A. 3:96-CV- 0721, 1997 WL 786254, at *2 (N.D. Tex. Dec. 11, 1997) (ordering defendant corporation to retain substitute counsel or risk having its pleadings stricken and default judgment entered against it).

In light of the foregoing, the Court will hold in abeyance Lewis Rice's motion for leave to withdraw as counsel and order Defendants to obtain substitute counsel no later than May 12, 2023.  If Defendants fail to obtain substitute counsel within that time, Intermarketing Media LLC may be subject to a default judgment in favor of Plaintiff.  *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996) (corporate defendant was technically in default on date court allowed counsel to withdraw because a corporation cannot proceed *pro se*).  Lewis Rice's motion to withdraw from representation will be granted when substitute counsel enters an appearance, or on May 12, 2023, whichever comes first.

Accordingly,

**IT IS HEREBY ORDERED** that Lewis Rice's Motion to Withdraw as Attorney and for Additional Time to Answer (Doc. [12]) is **HELD IN ABEYANCE** with respect to the request to withdraw, and the Court imposes a withdrawal notice period until **May 12, 2023**.

**IT IS FURTHER ORDERED** that Defendants shall obtain substitute counsel no later than **May 12, 2023**, and that Defendants substitute counsel, if any, shall file an entry of appearance no later than **May 12, 2023**.

**IT IS FURTHER ORDERED** that on **May 12, 2023**, or upon the entry of substitute counsel for Defendants, whichever comes earlier, the Court will issue an order granting the motion of Lewis Rice to withdraw from their representation of Defendants.

**IT IS FINALLY ORDERED** that Defendants shall have until **May 12, 2023**, to answer or otherwise respond to Plaintiff's complaint.

Dated this 20th day of April, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE