UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARILYN MARGULIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| vs. ) | Case No. 4:23-cv-00121 SEP |
| ) | |
| INTERNATIONAL MEDIA LLC, d/b/a ) | |
| THE RESORT ADVISORY GROUP, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

Before the Court is attorney Sarah A. Milunski and the law firm of Lewis Rice LLC's Motion to Withdraw as Attorney, in which they seek to withdraw as counsel for Defendants Intermarketing Media LLC, d/b/a The Resort Advisory Group, John Paul Talarowski, and Jordan Christopher Groll. Doc. [12]. Plaintiff Marilyn Margulis consents to the motion. For the following reasons, the motion is granted.

Counsel filed its motion on April 14, 2023. The Court held defense counsel's motion in abeyance, and imposed a notice of withdrawal period until May 12, 2023. Doc. [14]. The Court granted Defendants until May 12, 2023, to obtain substitute counsel, and stated that defense counsel would be allowed to withdraw after that date regardless of whether Defendants had yet obtained substitute counsel. *Id*. at 2. Because Defendants have not obtained substitute counsel by the deadline imposed, and have received adequate notice that the Court would permit their counsel to withdraw from representation in this matter, the Court will grant defense counsel's motion to withdraw from representation in this case.

As noted in the Court's prior Order, as a limited liability company, Defendant Intermarketing Media LLC can only act through agents, cannot appear *pro se*, and must be represented by counsel. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel. As the courts have recognized, the rationale for that

rule applies equally to all artificial entities.") (citing *Osborn v. President of Bank of United States,* 9 Wheat. 738, 829 (1824)).  Additionally, an artificial entity, such as Defendant Intermarketing Media LLC, is subject to entry of a default judgment if it fails to obtain counsel as required by the Court. *See Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996) (corporate defendant was technically in default on date court allowed counsel to withdraw because a corporation cannot proceed *pro se*); *United Fire & Cas. Co. v. Titan Contractors Serv., Inc.*, 2014 WL 3805493, at *1 (E.D. Mo. Aug. 1, 2014); *Top Sales, Inc. v. Designer Vans, Inc.*, No. CIV.A. 3:96-CV- 0721, 1997 WL 786254, at *2 (N.D. Tex. Dec. 11, 1997) (ordering defendant corporation to retain substitute counsel or risk having its pleadings stricken and default judgment entered against it).

In its prior Order, the Court informed Defendant Intermarketing Media LLC that default judgment may be entered against it if it failed to obtain substitute counsel.   And while the individual Defendants, John Paul Talarowski and Jordan Christopher Groll, could proceed pro se in this matter should they choose to do so, they have failed to timely file an answer to the Complaint, and are likewise subject to default.  Therefore, the Court orders Plaintiff to file motions for Clerk's entry of default and, if appropriate, for default judgment, against Defendants Intermarketing Media LLC, Talarowski and Groll, within thirty days of the date of this Order.

Accordingly,

**IT IS HEREBY ORDERED** that Sarah A. Milunski and the law firm of Lewis Rice's Motion to Withdraw as Attorney (Doc. [12]) is **GRANTED**, and Sarah A. Milunski may withdraw from representation of Defendants in this matter.

**IT IS FURTHER ORDERED** that within thirty (30) days of this Memorandum and Order, Plaintiff shall file separate motions for Clerk's entry of default pursuant to Federal Rule of Civil Procedure 55(a) and, if appropriate, for default judgment pursuant to Federal Rule of Civil Procedure 55(b), along with all necessary supporting documentation and proposed order(s) for the Court's consideration.

Dated this 18th day of May, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE